# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| MARTHA A. GARCIA DE PERALES | § | |
| | § | |
| V. | § | A-17-CV-539 AWA |
| | § | |
| NANCY A. BERRYHILL, | § | |
| ACTING COMMISSIONER OF THE | § | |
| SOCIAL SECURITY ADMINISTRATION. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff's Brief in Support of Claim (Dkt. No. 18) and Defendant's Brief in Support of the Commissioner's Decision (Dkt. No. 19). Also before the Court is the Social Security record filed in this case (Cited as "Tr.").

### I. General Background

Plaintiff Martha A. Garcia De Perales ("Plaintiff") was born on January 24, 1965, and was 51 years-old at the time of the ALJ's decision in this case. On March 31, 2014, Plaintiff filed applications for disability, disability insurance benefits, and supplemental security income alleging disability beginning on January 14, 2015, due to knee pain, obesity and diabetes. After her applications were denied initially, and then again on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ") which was held on February 3, 2016. After reviewing the evidence and testimony, the ALJ issued his decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. On April 5, 2017, the Appeals Council denied Plaintiff's request to review the ALJ's decision thereby making it the Commissioners's final decision for purposes of judicial review under 42 U.S.C. § 405(g).

On June 5, 2017, Plaintiff filed the instant lawsuit under 42 U.S.C. § 405(g) requesting that the Court reverse the Commissioner's decision in this case because the ALJ's decision is not supported by substantial evidence.

## II. Legal Standards

The Social Security Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine if a claimant is disabled the Commissioner uses a five-step analysis:

1. a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are;

2. a claimant will not be found to be disabled unless he has a "severe impairment";

3. a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors;

4. a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and

5. if the claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he can do other work.

*Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); *see also* 20 C.F.R. § 404.1520. A finding of disability or no disability at any step "is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). The claimant has the burden of proof for the first four steps; however, at step five, the burden initially shifts to the Commissioner to identify other work the applicant is capable of performing. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). If the Commissioner "fulfills his burden of pointing out potential alternative employment, the burden then

shifts back to the claimant to prove that he is unable to perform the alternate work." *Id.* (internal quotation marks omitted).

Judicial review of the Commissioner's final decision under the Social Security Act, 42 U.S.C. § 405(g), is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner applied the correct legal standards. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997). Substantial evidence is more than a scintilla of evidence but less than a preponderance—in other words, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (internal quotation marks omitted). The Court considers "four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) [the claimant's] age, education, and work history." *Id.* at 174. However, a reviewing court "may not reweigh the evidence, try the issues *de novo*, or substitute [its] judgment for that of the [Commissioner]." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If the Court finds substantial evidence to support the decision, the Court must uphold the decision. *See Selders*, 914 F.2d at 617 ("If the . . . findings are supported by substantial evidence, they are conclusive and must be affirmed."); *see also* 42 U.S.C. § 405(g).

### III. The ALJ's Opinion

The ALJ employed the regulations' five-step sequential evaluation process to determine whether Plaintiff was disabled. 20 C.F.R. § 404.1520(a). *See* Tr. 20-29. At the first step, the ALJ determined that Plaintiff met the insured status through December 31, 2019, and that she had not engaged in substantial gainful activity since January 14, 2015. At the second step, the ALJ found

3

that Plaintiff has severe bilateral knee osteoarthritis, bilateral knee degenerative joint disease, diabetes and obesity. The ALJ also found that Plaintiff has fatty liver disease, cholelithiasis, proteinuria and non-severe hypertension. At step three, the ALJ found that, considered separately and in combination, Plaintiff's impairments did not meet or medically equal the severity criteria for any of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, and thus her impairments were not presumptively disabling. After considering the entire record, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform medium work with the following limitations:

> the claimant can stand and/or walk up to 4 hours in an 8-hour workday; the claimant can sit for up to 6 hours in an 8-hour workday; the claimant can balance and stoop on an unlimited basis; the claimant can occasionally climb, kneel, crouch and crawl; and the claimant is unable to walk on uneven surfaces.

Tr. at p. 24. Based upon his RFC finding, the vocational expert testimony, and the other evidence in the record, the ALJ determined at Step 4 that Plaintiff is capable of performing her past relevant work as a seamstress or a sewing machine operator. Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Social Security Act.

## IV. Analysis

Plaintiff argues that the ALJ's finding that she has the RFC to perform medium work is not supported by substantial evidence. Specifically, Plaintiff argues that in determining her RFC, the ALJ failed to properly accommodate her impaired standing and walking limitations. Plaintiff argues that she is unable to perform the standing and walking requirements of the full-range of medium work.

A plaintiff's RFC is "the most [he] can still do after considering the physical and mental limitations that affect the ability to perform work-related tasks." *Ray v. Barnhart*, 163 F. App'x 308,

4

312 n.6 (5th Cir. 2006) (citing 20 C.F.R. § 416.945(a)(1)). "The ALJ is responsible for determining an applicant's residual functional capacity." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).

As noted above, the ALJ concluded that Plaintiff had the RFC to perform *medium work* with certain restrictions. Medium work as defined by the regulations as work that "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds" 20 C.F.R. § 404.1567(c). Additionally, "[a] full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects up to 25 pounds." SSR 83-10. "If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567. Despite Plaintiff's protestations to the contrary, the ALJ did not conclude that Plaintiff could stand and/or walk for six hours in an eight hour workday; rather, the ALJ limited Plaintiff to work that would only require her to stand and/or walk up to four hours out of an eight hour work day. Thus, the ALJ did acknowledge and include her standing and walking limitations in his RFC determination. The Plaintiff's claim that she cannot perform the full range of medium work was not disputed by the ALJ.

In addition, the ALJ did not actually conclude that Plaintiff could perform medium work in this case. At step five, the ALJ found that Plaintiff had the RFC to perform her past relevant work as a seamstress or a sewing machine operator, both of which are classified as *light*, unskilled work under the Dictionary of Occupational Titles. Thus, Plaintiff's focus on medium work seems irrelevant to the ALJ's ultimate finding in this case. Regardless, the ALJ's finding that Plaintiff had the RFC to perform her past relevant light work as a seamstress and sewing machine operator is supported by substantial evidence.

5

In assessing Plaintiff's RFC, the ALJ relied on the testimony of the vocational expert. It is well settled that a vocational expert's testimony, based on a properly phrased hypothetical question, constitutes substantial evidence. *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). In this case, the vocational expert testified that Plaintiff's past relevant work as a seamstress and sewing machine operator would be classified as *light work*. Tr. 48-50. The vocational expert further testified that a hypothetical person with the same age, education and work experience as Plaintiff who was limited to standing and/or walking for four hours and sitting for six hours in an eight hour day and no walking on uneven surfaces could perform the jobs of seamstress and sewing machine operator. Tr. at p. 50. Accordingly, the vocational expert's testimony supports the ALJ's determination in this case that Plaintiff can perform the jobs of seamstress and sewing machine operator. *See Carey v. Apfel*, 230 F.3d 131, 147 (5th Cir. 2000) ("The ALJ expressly relied upon the vocational expert's clarifying testimony for her ruling that Carey, with his particular impairments, could perform certain sedentary or light jobs that are available in significant numbers in the national economy. There is, therefore, no legal error in the ALJ's ruling."); *Griffin v. Colvin*, 2016 WL 6476994, at *5 (S.D. Tex. Oct. 31, 2016) ("The VE's 'clear and unchallenged testimony' that Griffin could perform his past relevant work as generally performed is adequate, in the context of this record as a whole, to support the ALJ's determination at Step 4.").

Other medical evidence in the record also supports the ALJ's decision that Plaintiff has the RFC to perform the jobs of seamstress and sewing machine operator. For example, the state agency medical consultant, Dr. Kim Rowlands, M.D., opined that Plaintiff's alleged physical limitations due to leg and knee pain were "not fully supported by medical and other evidence." Tr. at. p. 57. Dr. Rowlands opined that Plaintiff could stand or walk for four hours out of an eight hour work day and

sit for six hours out of an eight hour work day. In addition, on November 3, 2014, another consultative physician, Dr. Amita Hedge, M.D., also determined that Plaintiff could stand for four hours and sit for six hours out of an eight hour work day and that Plaintiff's "limitations are not fully supported by the medical and other evidence." Tr. p. 77-79. Accordingly, this evidence supports the ALJ's findings in this case. "State agency medical or psychological consultants . . . are considered experts in the Social Security disability program and their opinions may be entitled to great weight if they are supported by the evidence." *Hardin v. Astrue*, 2011 WL 1630902, at *7 (N.D. Tex. Mar. 31, 2011). The Court finds that the above-evidence constitutes substantial evidence to support the ALJ's findings in this case. *See Chaparro v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987) (finding that consulting physician's report "constitutes substantial evidence to support the Secretary's decision that [claimant] could return to his previous employment as a truck driver.").

The only evidence in the record (other than her own subjective testimony) that Plaintiff relies on to contradict the above evidence is the opinion of Dr. Maria Arizmendez, M.D., a consulting physician who opined that "claimant has limited tolerance for prolonged standing and walking" and "is able to participate in sedentary work." Tr. at p. 358. The Court does not believe that this evidence overwhelmingly supports a finding that Plaintiff is disabled. "Rather, the evidence presents conflicting testimony and reports that must be evaluated by their credibility. The Secretary, not the courts, has the duty to weigh the evidence, resolve material conflicts in the evidence, and decide the case." *Chaparro*, 815 F.2d at 1011. The Court finds that the ALJ properly evaluated and weighed the evidence in this case and determined that Plaintiff was not disabled. The Court cannot "reweigh the evidence or substitute our judgment" for that of the ALJ. *See Whitehead v. Colvin*, 820 F.3d

7

776, 782 (5th Cir. 2016). Based upon the foregoing, the Court finds that Plaintiff has failed to meet her burden to establish that the ALJ's decision was not supported by substantial evidence.

## IV. Conclusion

In summary, the Court finds that the ALJ applied the proper legal standards to Plaintiff's case, and that his findings are supported by substantial evidence in the record. The decision of the Commissioner of the Social Security Administration is therefore **AFFIRMED**.

SIGNED this 12th day of September, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE